UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION at ASHLAND

KENNETH T. FULTZ,

    Petitioner,

V.

J. C. HOLLAND, Warden,

    Respondent.

Civil Action No. 0:11-CV-26-HRW

**MEMORANDUM OPINION
AND ORDER**

\*\* \*\* \*\* \*\* \*\*

## INTRODUCTION

Kenneth T. Fultz ("Fultz"), an individual currently incarcerated in the Federal Correctional Institution at Ashland, Kentucky ("FCI-Ashland") has filed the instant habeas corpus petition, pursuant to 28 U.S.C. § 2241, challenging the enhancement of his federal sentence.[1] For the reasons set forth below, Fultz is not entitled to relief under § 2241, and the Court will deny his petition and dismiss this proceeding.

---

[1] As the $5.00 filing fee has been paid, the Court screens the petition to determine whether Fultz is entitled to relief under § 2241. *See* Rule 4, Rules Governing 28 U.S.C. § 2254 Cases; (applicable to § 2241 petitions under Rule 1(b)); *see also* 28 U.S.C. § 2243. A district court may summarily dismiss a petition if it appears from its face that the petitioner is not entitled to relief. *See* 28 U.S.C. § 2243; *Blevins v. Lamanna*, 23 F. App'x 216, 218 (6th Cir. 2001); *Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970).

## FULTZ'S CRIMINAL CONVICTION

On June 24, 2002, the grand jury in the United States District Court for the Middle District of North Carolina returned a 2-count indictment against Fultz, charging him with being a convicted felon in possession of a firearm in commerce, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2), and of possession with intent to distribute cocaine base, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B). Initially, Fultz pled not guilty and was scheduled for trial, but prior to trial, Fultz changed his plea, and the court accepted his guilty plea.

On November 14, 2002, the Trial Court sentenced Fultz under the Career Offender Guidelines, U.S.S.G. § 4B1.1, and imposed a 120-month sentence prison term on Count 1, and a concurrent 188-month sentence on Count 2, for a total sentence of 188 months, and a five-year term of supervised release.

Fultz appealed, but his conviction and sentence were affirmed. Subsequently, Fultz moved to vacate or set aside his sentence, pursuant to 28 U.S.C. § 2255. The Trial Court denied that motion.

## CLAIMS ASSERTED IN THE § 2241 PETITION

Fultz alleges that the Trial Court improperly enhanced his sentence under the career offender provisions of 18 U.S.C. § 3559(c), which imposes a life sentence for

2

certain felonies where a defendant has two or more qualifying prior convictions.[2] He argues that because the two prior offenses used to enhance his sentence were each for amounts of drugs that did not qualify as a "serious offense" under § 3559(c), he is "actually innocent" of being a career offender.[3] Fultz relies on *Begay v. United States*, 553 U.S. 137 (2008), and a recent case from the Eleventh Circuit, which he claims holds that *Begay* would be retroactively applicable. Fultz contends that to correct this sentencing error, he must be re-sentenced to a lower sentence.

---

[2] Title 18 U.S.C. § 3559(c) provides, in part, as follows:

**(c) Imprisonment of certain violent felons.--**

**(1) Mandatory life imprisonment.**--Notwithstanding any other provision of law, a person who is convicted in a court of the United States of a serious violent felony shall be sentenced to life imprisonment if--
   **(A)** the person has been convicted (and those convictions have become final) on separate prior occasions in a court of the United States or of a State of--
       **(I)** 2 or more serious violent felonies; or
       **(ii)** one or more serious violent felonies and one or more serious drug offenses; and

   **(B)** each serious violent felony or serious drug offense used as a basis for sentencing under this subsection, other than the first, was committed after the defendant's conviction of the preceding serious violent felony or serious drug offense.

[3] Fultz's prior convictions were in state court for trafficking in cocaine. He contends that the amount of cocaine involved in these prior convictions was fewer than five kilograms, which would not have been punishable under 21 U.S.C. § 401(b)(1)(A); therefore, the prior state court convictions should not have been classified as "serious drug offenses" for purposes of 18 U.S.C. § 3559(c).

## DISCUSSION/ANALYSIS

At the outset, because Fultz was not convicted of certain *violent* felonies, his sentence was not enhanced to a life prison term under 18 U.S.C. § 3559(c). Fultz's sentence was enhanced under Sentencing Guideline § 4B1.1 because he had two prior felony drug convictions in state court.[4] Fultz's allegation that his sentence was enhanced under § 3559(c) is, therefore, patently incorrect.

Fultz may not challenge his enhanced sentence in this § 2241 habeas proceeding. Such claims must be pursued by filing a post-conviction motion under 28 U.S.C. § 2255 with the trial court. *Capaldi v. Pontesso*, 135 F.3d 1122, 1123 (6th Cir. 2003). A federal prisoner may file a habeas corpus petition under Section 2241 only to challenge a decision by prison officials which affects the manner in which his sentence is being carried out, such as the computation of sentence credits or parole eligibility. *United States v. Jalili*, 925 F.2d 889, 894 (6th Cir. 1999).

The narrow "safety valve" provision found in § 2255(e) permits a prisoner to challenge the legality of his conviction through a § 2241 petition when his remedy under § 2255 "is inadequate or ineffective" to test the legality of his detention. The Sixth Circuit permits a prisoner to take advantage of this provision only where, after

---

[4] His prior felony drug convictions were in Rockingham County Superior Court in Wentworth, North Carolina.

4

his or her conviction has become final, the Supreme Court re-interprets the terms of the statute petitioner was convicted of violating in such a way that petitioner's actions did not violate the statute. *Martin v. Perez*, 319 F.3d 799, 804 (6th Cir. 2003) ("A prisoner who can show that an intervening change in the law establishes his actual innocence can invoke the savings clause of § 2255 and proceed under § 2241."). For three reasons, however, that situation does not exist in this case.

First, Fultz's challenge to his sentence, as opposed to his conviction, does not fall under the savings clause. *United States v. Peterman*, 249 F.3d 458, 462 (6th Cir. 2001) (vacating habeas relief where petitioners "do not argue innocence but instead challenge their sentences. Courts have generally declined to collaterally review sentences that fall within the statutory maximum."); *United States v. Poole*, 531 F.3d 263, 267 n.7 (4th Cir. 2008) (holding that federal courts "ha[ve] . . . not extended the reach of the savings clause to those petitioners challenging only their sentence."); *Wyatt v. United States*, 574 F.3d 455, 460 (7th Cir. 2009); *Talbott v. Holencik*, No. 08-619, 2009 WL 322107, at *6-7 (C.D. Cal. Feb. 5, 2009) ("Under the savings clause, however, Petitioner must demonstrate that he is factually innocent of the crime for which he has been convicted, not the sentence imposed.").

This Court has applied this rule to challenges to sentencing enhancements, an approach which the Sixth Circuit has approved. *Cf. Johnson v. Cauley*, No.

09-52-HRW (E.D. Ky. 2009), *aff'd*, No. 09-5991 (6th Cir. July 9, 2010) (holding that claim that sentencing court improperly enhanced sentence based upon prior state conviction is not cognizable under § 2241).

Second, it does not appear that *Begay* is retroactively applicable to cases on collateral review, such as Fultz's § 2241 petition in this proceeding. Although the Court's research did not reveal a United States Supreme Court or Sixth Circuit case addressing the retroactivity of *Begay*, another member of this Court has, after thoroughly analyzing the issue, determined that *Begay* is not retroactively applicable on collateral review. *United States v. Jones*, No. 6:04-CR-70-DCR, 2010 WL 55930, at *3-*5 (E.D. Ky, January 4, 2010). Numerous other district courts have also concluded that *Begay* is not retroactively applicable on collateral review. *See United States v. Ross*, Nos. 06-cr-132-JCS, 09-cv-779-BBC, 2010 WL 148397, at *2 (W.D. Wis. January12, 2010) (concluding that *Begay* does not have retroactive effect); *United States v. Holt*, 2009 U.S. Dist. LEXIS 115242 (W.D. Wisc., Dec. 10, 2009) (same); *Cadieux v. United States*, 2009 U.S. Dist. LEXIS 41532 (D. Maine, May 8, 2009).[5]

---

[5] Other courts reaching a similar conclusion include *Sun Bear v. United States*, 2009 U.S. Dist. LEXIS 60188 (D.S.D., July 9, 2009) (*Begay* not retroactively applicable under *Teague v. Lane*, 489 U.S. 288(1989)); *United States v. Johnson*, U.S. Dist. LEXIS 74946 (D. Minn., Aug. 24, 2009); *Lindsey v. United States*, 2009 U .S. Dist. LEXIS 65621 (W.D. Mo., July 29, 2009); *United States v. Campbell*, 2009 U.S. Dist. LEXIS 37542 (D.S.C., May 1, 2009); and *United States v. Narvaez*, 2009 U.S. Dist. LEXIS 44089 (W.D. Wis., May 26, 2009) (*Begay* is not retroactive).

**Here** Fultz cites a recent decision by the Eleventh Circuit, *Gilbert v. United States*, 609 F.3d 1159 (11th Cir. 2010), which held that a prisoner may challenge the use of a prior conviction to enhance his sentence as a career offender through a habeas corpus petition under § 2241. The *Gilbert* court held that "[f]or federal sentencing purposes, the act of being a career offender is essentially a separate offense, with separate elements (two felony convictions; for violent felonies), which must be proved, for which separate and additional punishment is provided", *id.* at 1165, and concluded that a petitioner may utilize Section 2241 to assert that "he is innocent of the statutory 'offence' of being a career offender." *Id.* at 1166.

*Gilbert* does not assist Fultz because the Eleventh Circuit granted the government's petition for rehearing, vacated the original panel opinion, decided to hear *Gilbert en banc*. *See Gilbert v. United States*, 625 F.3d 716 (11th Cir. 2010). Following an *en banc* hearing, on May 19, 2011, the Eleventh Circuit affirmed the district court's denial of Gilbert's § 2241 petition and held that the savings clause contained in 28 U.S.C. § 2255(e) does not permit a federal prisoner to challenge his

---

However, some courts have reached a contrary conclusion, finding that *Begay* constitutes a new substantive rule which applies retroactively. *See Welch v. United States*, 604 F.3d 408, 415 (7th Cir. 2010); *United States v. Leonard*, 2009 U.S. Dist. LEXIS 15957 (N.D. Okla., Feb. 27, 2009); *United States v. McElroy*, 2009 U.S. Dist. LEXIS 42059 (N.D. Okla., May 14, 2009); *George v. United States*, 650 F.Supp.2d 1196(M.D. Fla., May 14, 2009), and *United States v. Blue*, 2009 U.S. Dist. LEXIS 74331 (D. Kan., Aug. 20, 2009).

sentence in a § 2241 petition when he cannot raise that challenge in a § 2255 motion because of the §2255(h) bar against second and successive motions, at least where the sentence the prisoner is challenging does not exceed the statutory maximum. *Gilbert v. United States,* 640 F.3d 1293 (11th Cir. 2011). Thus, the Eleventh Circuit's *en banc* decision in *Gilbert* provides no support for Fultz, and in fact, does just the opposite. Consistent with *Gilbert*, Fultz's claim may not be pursued in this habeas proceeding pursuant to 28 U.S.C. § 2241.

Third, even if the Court applied *Begay* to the merits of Fultz's claim, it is questionable whether it would provide any relief.[6] In *Begay,* the defendant was convicted of being a felon in possession of a firearm, and his sentence was enhanced under 18 U.S.C. § 924(e)(1), the Armed Career Criminal Act ("ACCA"). By contrast, the Trial Court enhanced Fultz's sentence under a different statutory scheme, *i.e.*, U.S.S.G. § 4B1.1, for prior drug offense convictions. In other words, the Trial Court enhanced Fultz's sentence because he was a "career offender," not because he was an "*armed* career offender" under the ACCA.

---

[6] Based on Begay's 12 DUI convictions in New Mexico, the district court concluded that he had three or more "violent felony" convictions and sentenced him to an enhanced 15-year sentence under the ACCA. On appeal, the Tenth Circuit Court of Appeals affirmed Begay's sentence. However, on appeal to the United States Supreme Court, the Court held that a DUI conviction is not a "violent felony" as defined by the ACCA, and reversed in part and remanded for re-sentencing.

In *Fuller v. United States*, No. 2:07-CV-190, No. 2:02-CR-23, 2010 WL 4867601(E.D. Tenn., November 23, 2010), the court distinguished sentencing enhancements under 21 U.S.C. § 841(b)(1)(A), which are based on prior "drug convictions," from sentence enhancements under the ACCA and § 3559(c), which are based on prior *"serious* violent felonies" or a combination of a *"serious"* violent felony **and** a *"serious drug offense"* conviction, the latter of which increases the penalty for a firearms offense or for certain violent felonies. *Id.* at *9.

The petitioner in *Fuller* relied on *Begay,* arguing that it had changed the parameters of her career offender status. *Id.* The *Fuller* court found no merit to her argument because she had not been sentenced under either the ACCA or § 3559(c) and held that *Begay* did not apply to her. *Id. Begay* pertains *only* to sentencing enhancement under the ACCA and § 3559(c). Fultz's sentence, like Fuller's, was not enhanced under either the ACCA or § 3559(c). Thus, it is highly questionable whether *Begay* even applies to Fultz.

Because Fultz has not shown that he is actually innocent of being a career offender under 21 U.S.C. § 841(b)(1)(A) or that a retroactively applicable Supreme Court decision affords him relief, the savings clause of § 2255 does not apply. Fultz's § 2241 petition will be denied, and this action will be dismissed.

## CONCLUSION

Accordingly, the Court being advised, **IT IS ORDERED** as follows:

(1) Kenneth T. Fultz's 28 U.S.C. § 2241 Petition for Writ of Habeas Corpus, [R. 2], is **DENIED**;

(2) This action will be **DISMISSED**, *sua sponte*, with prejudice from the docket; and

(3) Judgment shall be entered contemporaneously with this Memorandum Opinion and Order in favor of the Respondent, J. C. Holland, Warden of FCI-Ashland.

This 25th day of July, 2011.



Signed By:
Henry R. Wilhoit, Jr.
United States District Judge